**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1338
_____

THOMAS LAMONT DYNO; JULIA DYNO,
Appellants

v.

ALBERT DYNO, JR., in his official and personal capacity as Executor of the Estate of
Rosemarie Sterchak, deceased

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:19-cv-01966)
District Judge:  Honorable Joseph F. Saporito, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 21, 2025
Before:  HARDIMAN, FREEMAN, and ROTH, <u>Circuit Judges</u>

(Opinion filed: February 26, 2026)
_____

OPINION[*]
_____

PER CURIAM

    Pro se appellants Thomas and Julia Dyno appeal from the District Court's order

denying their motions to reopen their case pursuant to Federal Rule of Civil Procedure

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

60(d) and for leave to amend their complaint post-judgment, and its subsequent order denying reconsideration thereof. We will affirm the District Court's orders.

I.

As all parties are familiar with the facts, we discuss only the details relevant to our analysis. This case derives from a dispute over the estate of Rosemarie Sterchak. Before she died in 2015, she named the defendant, Albert Dyno, Jr., as executor of her estate, and left bequests of corporate stocks and cash to several individuals, including Appellants. At the time that Appellants filed their original complaint in the District Court in 2019, Pennsylvania state court proceedings were ongoing. The District Court determined that it lacked subject matter jurisdiction over the case, and we affirmed. See Dyno v. Dyno, No 20-3302, 2021 WL 3508252, at *2-3 (3d Cir. Aug. 10, 2021) (per curiam).

On August 9, 2021, the Pennsylvania Orphans' Court Judge presiding over the estate matter entered an order directing the defendant to release eighty percent of the stock bequeathed to the Appellants, while retaining twenty percent for the payment of outstanding tax obligations. After unsuccessful appeals of this order in the Pennsylvania Courts, Appellants filed motions to reopen the case filed in the District Court pursuant to Rule 60(d) for fraud and requested leave to amend their complaint to include as additional defendants the defendant's attorney and the Orphans' Court Judge. In their motions, appellants challenged the legitimacy of the Orphans Court order and asked the District Court to vacate it on the ground that it constituted an illegal withholding of

2

property. The District Court, adopting the Magistrate Judge's report and recommendation, denied the motions to reopen the case and amend the complaint as untimely and meritless. Appellants moved for reconsideration, which the District Court denied. Appellants timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of any legal questions, and we review the District Court's decision to deny the motions for abuse of discretion. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); Menkes v. Prudential Ins. Co. of Am., 762 F.3d 285, 290 (3d Cir. 2014); Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011).

After a review of the record, we conclude the District Court did not abuse its discretion when it denyied Appellants' Rule 60(d) motions for relief. A District Court may vacate a judgment on a finding of fraud that is "supported by clear, unequivocal and convincing evidence" of "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005) (citation omitted); see also In re Bressman, 874 F.3d 142, 150 (3d Cir. 2017). As the Magistrate Judge's recommendation explained, a Rule 60 motion cannot be used to remedy alleged fraud on the state court,[1] and Appellants did not provide any evidence of fraud directed at the District Court. See United States v. Washington, 549 F.3d 905, 912 (3d Cir. 2008) (explaining that "a federal

---

[1] Although the Magistrate Judge reviewed the motions to reopen as if they were Rule 60(b)(3) motions, the same holds true for a motion to reopen pursuant to Rule 60(d)(3).

3

court has the inherent power to vacate its own judgments when they have been procured by fraud").

Because Appellants' motion to reopen the case pursuant to Rule 60(d) failed, the District Court did not err in denying Appellants' motion for leave to file a post-judgment amended complaint. See Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3d Cir. 2002) (explaining that once a judgment is entered, an amended complaint may be filed under Federal Rule of Civil Procedure 15 only if the judgment has been set aside or vacated pursuant to Rule 59 or Rule 60). Nor did the District Court abuse its discretion in denying Appellants' motion for reconsideration.

Accordingly, we will affirm.[2]

---

[2] The Appellants move for leave to submit their reply brief in DVD format, in order to include hyperlinks. We grant this motion.